SO ORDERED.

Dated: August 31, 2016

Eddward P. Ballinger Jr., Bankruptcy Judge

Sandra C. Oswalt, Esq. (027283)
Stanley A. Buzzelle II, Esq. (028134)
**OSWALT LAW GROUP, PC**
300 West Clarendon Avenue, Suite 290
Phoenix Arizona 85013
Tel: (602) 773-5719 | Fax: (602) 773-5739
sandra@oswaltlawgroup.com
stanleyb@oswaltlawgroup.com
*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>BRIAN KEITH NEFF,<br>OPAL ALAYNA NEFF,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No.: 2:15-bk-12694-EPB<br><br>**STIPULATED ORDER CONFIRMING AMENDED CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES** |

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amount of future income to the Trustee for distribution under the Plan.

   (1)  Future Earnings or Income. Debtors shall make the following monthly Plan payments:

   | Months | Payments |
   |---|---|
   | 1-59 | $910.00 |
   | 60 | $37,915.00 |

   *The large payment in month 60 will most likely be unnecessary as the Debtor's non-profit is in the process of curing the IRS claim in the amount of $44,686.12. The Debtor shall file a modified Plan prior to month 60 to provide for the remaining amount of the IRS claim if any. RB*

   The payments are due on or before the 1st day of each month commencing November, 2015. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

   The Debtors shall provide, directly to the Trustee copies of their federal and state income tax returns, for post-petition tax years 2015-2018, within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

   (2)  Other Property. The Debtors shall provide, directly to the Trustee their net *federal* and *state* income tax refunds for the year 2015, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

*In re: Brian & Opal Neff*
*Case No. 2:15-bk-12694-EPB*

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. **The Plan and this Order shall not constitute an informal proof of claim for any creditor.** This Order does not allow claims. Claim allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>.
<u>Attorney Fees</u>. Oswalt Law Group, PC, shall be allowed total compensation of $4,500.00 as a flat fee, to include all services listed in paragraph (F)(1) except for adversary proceedings. Counsel received $2,120.00 prior to filing this case and will be paid $2,380.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:
Cenlar Loan Administration and Reporting, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $127.88 with 0% interest. No prepetition arrearages exist. Regular post-petition payments will be made outside the Plan directly by Debtors to the secured creditor.

(3) <u>Claims Secured by Personal Property</u>:
(a) Arizona Central Credit Union, secured by a lien in a 2007 Toyota Tundra Double Cab SR5 Pickup, shall be paid a secured claim of $12,497.10 with 5.0% interest. The creditor will receive adequate protection payments of $150 per month. The balance of the claim shall be classified as unsecured.

(b) Gateway One Lending & Finance, secured by a lien in a 2012 Nissan Rogue SV/S Sport Utility, shall be paid a secured claim of $17,578.84 with 5.25% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the claim shall be classified as unsecured.

(4) <u>Unsecured Priority Claims</u>:
The Internal Revenue Service shall be paid an unsecured priority claim of $2,041.32 with no interest for federal taxes.

The Internal Revenue Service shall be paid an unsecured priority claim for unpaid payroll taxes in the amount of $44,686.12, owed by a charitable organization, for which joint debtor serves as a board member and is considered a responsible party for liability purposes.

**RB**

In accordance with the explanation provided in Paragraph A1, after disbursements in the amount of $2,041.32 to the IRS, the Trustee shall hold funds to be distributed to the IRS for the organization's tax debt until the Debtor has filed a modified plan with the updated IRS arrearage amount. This is because the charitable organization will be paying $2,500.00 a month towards the organization's tax debt.
In order to prevent an overpayment to the IRS, the Trustee will hold funds until a modified plan is filed. RB

(5) **Surrendered Property.**
Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

The Debtors will surrender 2007 Polaris Sportsman 800 ATV in which Capital One Bank has a security interest.

(6) **Other Provisions: Leases and Unexpired Executory Contracts.**

| Assumed: | Arrearages | Date |
|---|---|---|
| Dish Network, Satellite Service contract | -0- | Date of Filing |
| Verizon Wireless, Cellular Service contract | -0- | Date of Filing |

(7) **Unsecured Non-priority Claims.** Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. §1306.

---

**ORDER DATED AND SIGNED ABOVE**

---

APPROVED AS TO FORM AND CONTENT BY:

_RBrown_    Russell Brown 2016.08.24 11:50:34 -07'00'
Rus:

_/s/ Stanley A. Buzzelle_
Stanley A. Buzzelle II, Attorney for Debtors

_/s/ James B. Ball_
James B. Ball, Attorney for Gateway One Lending and Finance, LLC

*In re: Brian & Opal Neff*
*Case No. 2:15-bk-12694-EPB*

3 of 4

1 | The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.
2 |
3 |
4 | _____
5 | Brian Keith Neff, Debtor
6 |
7 | _____
8 | Opal Alayna Neff, Debtor

Case 2:15-bk-12694-EPB    Doc 28    Filed 08/31/16    Entered 08/31/16 14:03:46    Desc
Main Document    Page 4 of 4